THE STATE OF FLORIDA ex rel. A. S. WELLS, E. S. MATTHEWS and MAMIE G. EATON, as Railroad Commissioners of the State of Florida, *Relators,* v. JACKSONVILLE TERMINAL COMPANY, a Corporation, *Respondent.*

En Banc.

Opinion filed April 24, 1929.

*Theo T. Turnbull,* for Relators;

*John E.* and *Julian Hartridge,* for Respondent.

BUFORD, J.—In this case an order was issued by the Railroad Commission, the pertinent part of which was as follows:

(a) That the Jacksonville Terminal Company operates the Union Station at Jacksonville, Florida, for the railroads entering same and is authorized by said railroads to receive, check and deliver the personal baggage of passengers arriving at and departing from said Union Station and does actually perform such service of receiving, checking and delivering such baggage;

(b) That the Jacksonville Terminal Company honors, for the purpose of identifying the personal baggage of passengers and of checking such baggage to destination, the baggage claim checks issued to persons by the Jacksonville Baggage & Cab Company, a certain transfer company of Jacksonville, Florida, but refuses to honor, for the purpose of identifying the personal baggage of passengers and of checking such baggage to destination, the baggage claim checks issued to persons by other transfer agents.

(c) That this practice results in an unreasonable and unjust discrimination against persons or passengers sending their baggage to the Union Station of the Jacksonville Terminal Company in Jacksonville, Florida, by persons or companies other than the Jacksonville Baggage & Cab Company.

Therefore, to prevent unjust discrimination between passengers in furnishing baggage checking facilities at said Union Station in the City of Jacksonville, Florida, and for the good, convenience and proper accommodation of the traveling public,

It is CONSIDERED, ORDERED AND AD-JUDGED by the Railroad Commissioners of the State of Florida that, effective January 16, 1928, the Jacksonville Terminal Company shall receive in its baggage room baggage properly identified by a claim check of such persons, firms or corporations as may comply with the terms of this order, and shall issue to the owner presenting a duplicate of such claim check, together with a railroad ticket, a train check for such baggage to the destination shown on the ticket. Any person, firm or corporation engaged in the business of handling and hauling baggage from hotels, residences, and places of business in Jacksonville, Florida, to the passenger station of the Jacksonville Terminal Company as the agent of prospective passengers, shall be permitted to issue duplicate claim checks for baggage and to have their claim checks recognized and exchanged for train checks by the Jacksonville Terminal Company when presented by a passenger, together with a railroad ticket, by filing with the Jacksonville Terminal Company a solvent bond executed by an acceptable Surety Company in favor of the Jacksonville Terminal Company in the sum of Ten Thousand ($10,000.00) Dollars conditioned to indemnify the Jacksonville Terminal Company for all loss or damage occasioned by loss, accident, negligence or mistake in the handling of baggage by such person, firm or corporation.

It was alleged that the respondent disregarded and failed to obey and comply with the said order, which was called Order No. 950, or any part thereof, and petition for writ of mandamus was thereupon filed in this Court. On hearing, alternative writ of mandamus was issued, the pertinent part of the command of the writ being as follows:

To receive in your baggage room baggage properly
identified by a claim check of such persons, firms or cor-
porations as may comply with the terms of Order No.
950 of the Railroad Commissioners of the State of Flor-
ida, and issue to the owner presenting a duplicate of
such claim check, together with a railroad ticket, a train
check for such baggage to the destination shown on the
ticket. And to permit any person, firm or corporation
engaged in the business of handling and hauling bag-
gage from hotels, residences and places of business in
Jacksonville, Florida, to your passenger station, as the
agent of prospective passengers, who has filed with you
a solvent bond executed by an acceptable Surety Com-
pany in your favor in the sum of Ten Thousand Dol-
lars ($10,000.00), conditioned to indemnify you for all
loss or damage occasioned by loss, accident, negligence
or mistake in the handling of baggage by such persons,
firm or corporation; to issue duplicate claim checks for
baggage and to have their claim checks recognized and
exchanged for train checks by you when presented by
a passenger, together with a railroad ticket;

And in all things to fully observe and comply with
said Order No. 950, of the Railroad Commissioners of
the State of Florida.

There was a return to the alternative writ of mandamus.
Demurrer was filed to the return and motion for peremp-
tory writ of mandamus on the pleadings without proof in
accordance with the alternative writ issued, and the cause
coming on to be heard upon such pleadings and briefs
and argument of counsel for the respective parties and the
Court being now advised of its judgment to be given in the
premises, it seems to the Court that the demurrer should be
overruled and the motion for peremptory writ of man-
damus on the pleadings without proof in accordance with

the alternative writ issued herein should be denied. The law of the case was enunciated in the opinion in the case of the State ex rel. Wells et al., State Railroad Commissioners, v. Jacksonville Terminal Company, filed July 9, 1928, and reported 117 So. R. 869.

The answer avers in effect that no company, association, corporation, person or individual has filed with respondent a solvent bond executed by an acceptable Surety Company as contemplated by and in the language of the alternative writ. This being so, and this fact may be considered as admitted by the motion and demurrer under consideration, the order of the Railroad Commission has not been disobeyed and the peremptory writ will not be issued under the condition of the record as it now stands.

The demurrer is overruled and the motion for peremptory writ is denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.